UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|   |   |   |
|---|---|---|
| LAWSON STEVE, | ) | 3:11-cv-00423-HDM-VPC |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | ORDER |
| vs. | ) |  |
|  | ) |  |
| MESHELL PRAWTIZ, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

The court has considered the report and recommendation of the United States Magistrate Judge (#39) filed on May 30, 2012, in which the magistrate judge recommends that this court grant defendants' motion to dismiss (#18) and deny plaintiff's cross-motion for summary judgment (#30). Plaintiff opposed the motion to dismiss (#31), and defendants replied (#33). Plaintiff has filed objections to the report and recommendation (#40), and defendants have filed their response (#41).[1]

---

[1] On July 9, 2012, plaintiff also filed a reply to the defendants' response to plaintiff's objections. Such a reply is not authorized under the court's local rules. See L.R. IB 3-2(a). Further, the reply merely repeats arguments the plaintiff has already asserted in earlier briefs. Accordingly, the court will not consider the plaintiff's unauthorized reply (#42).

1

The court has considered the pleadings and memoranda of the parties and other relevant matters of record and has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law, the court hereby accepts and adopts the report and recommendation of the United States Magistrate Judge (#39). In response to the plaintiff's objections, the court notes the following.

Plaintiff has not disputed that the complaint filed in this action raises claims that were or could have been raised in case number 3:09-cv-000348-RCJ-VPC ("*Steve I*"). Rather, plaintiff has objected only to the conclusion that the dismissal of *Steve I* was with prejudice.

The court dismissed *Steve I* for failure to comply with a court order. The dismissal was not voluntary. Accordingly, *Steve I* was dismissed pursuant to Federal Rule of Civil Procedure 41(b), and unless the court indicated otherwise or one of the listed exceptions applied, the dismissal "operate[d] as an adjudication on the merits." Fed. R. Civ. P. 41(b). "[A]n adjudication on the merits" means, under the rule, a dismissal with prejudice. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001); *see also Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). A dismissal with prejudice bars refiling of the same claim in the same court. *Semtek*, 531 U.S. at 506.

An involuntary dismissal operates as an adjudication on the merits unless the dismissal was for lack of jurisdiction, improper venue, or failure to join a party under Federal Rule of Civil Procedure 19. Fed. R. Civ. P. 41(b). *Steve I* was not dismissed for improper venue or failure to join a party under Rule 19.

2

Plaintiff apparently argues, however, that it was dismissed for a lack of jurisdiction. Specifically, he argues: (1) that he did not submit a complaint with his *in forma pauperis* ("IFP") application so no civil action was ever initiated; and (2) the complaint he did submit was never screened and served on the defendants so the court lacked jurisdiction to proceed.

Plaintiff provides no legal authority for either of these propositions, and the court can find none. In fact, an action is "brought" for certain PLRA[2] purposes when the plaintiff submits an IFP application and a complaint. *O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Plaintiff here did both. In light of this authority, there is no basis for concluding that even though an action was "brought" for certain PLRA purposes that it was not "initiated" for jurisdictional and *res judicata* purposes. In addition, there is no authority supporting plaintiff's contention that the court does not have jurisdiction over a prisoner action until screening and service have taken place.

Plaintiff also argues that his complaint was dismissed based on an "administrative issue" and not on the merits, so *res judicata* cannot apply. This argument is beside the point. An involuntary dismissal with prejudice under Rule 41 bars the plaintiff from refiling the same claim in the same court. *Semtek*, 531 U.S. at 506.

Finally, plaintiff argues that he did not receive the court's order in *Steve I* directing him to respond until after the case had

---

[2] PLRA stands for the Prison Litigation Reform Act of 1995, 110 Stat. 1321-71, which applies to plaintiff's complaints.

3

been dismissed.  This argument is not properly before the court in this case and was an issue only for the court in *Steve I*.  In fact, plaintiff did assert this argument in his motion to reopen the case.  When the court denied the motion, plaintiff's remedy was to file a notice of appeal, not to file a new action.  Plaintiff chose not to exercise his valid appellate rights.  The decision in *Steve I* is final and precludes the filing of the complaint in this case.

In accordance with the foregoing, the defendants' motion to dismiss (#18) is hereby **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.  The plaintiff's cross-motion for summary judgment (#30) is **DENIED**.

**IT IS SO ORDERED.**

DATED: This 26th day of July, 2012.

_Howard D McKibben_
UNITED STATES DISTRICT JUDGE

4